IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN FUTRAL, | : | CIVIL ACTION NOS. |
| GDC ID # 279344, | : | 1:17-CV-00041-TWT-JCF |
|     Plaintiff, | : | 2:17-CV-00028-WCO-JCF |
| | : | |
| v. | : | |
| | : | |
| UNKNOWN, | : | PRISONER CIVIL ACTION |
|     Defendant(s). | : | 42 U.S.C. § 1983 |

**MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, has filed two handwritten complaints, which the Clerk has docketed in two separate 42 U.S.C. § 1983 actions. It is apparent, however, that Plaintiff's second complaint, docketed in 2:17-cv-28, is in response to this Court's order in the first action, 1:17-cv-41, requiring Plaintiff to submit a financial affidavit seeking leave to proceed *in forma pauperis* ("IFP") and an amended complaint naming at least one Defendant who might be amenable to suit in this Court, *id.*, Doc. 2.

The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** 2:17-cv-28 and to docket the complaint in that action as an amended complaint in 1:17-cv-41.

Although Plaintiff has yet to submit a financial affidavit, the Court **GRANTS** him leave to proceed IFP for the purpose of dismissal only.

## I. The Legal Framework

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of

2

misconduct." *Id.* at 679.

## II.   Plaintiff's Allegations

Although the Clerk sent to Plaintiff, and he received, a 42 U.S.C. § 1983 complaint form to complete and return to the Court, he declined to do so. (Am. Compl. at 1). Instead, he has again presented a rambling and disjointed narrative in which he fails to name a single Defendant and in which he discusses events that occurred outside the two-year limitations period for a § 1983 action in this Court, *see Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (noting the two-year limitations period for § 1983 claims arising out of events in Georgia), and outside the jurisdiction of this Court, *see* 28 U.S.C. § 1391(b) (providing, in relevant part, that a civil action based on federal question jurisdiction may be brought only in the judicial district where at least one defendant resides or in which a substantial part of the events giving rise to the claim occurred).

Plaintiff complains that in 2001 he was "railroaded" into entering a guilty plea to child molestation. (Am. Compl. at 1-2). He mentions that "a Black guy wanted to have sex with [him] at Baldwin State Prison . . . in September 2014 and he jacked every night and I have his name and a witness." (*Id.* at 1). He alleges that he was raped in 2003 or 2004 at Coffee Correctional Facility, and he was then transferred to

3

Johnson State Prison, where it was discovered that he has hepatitis C, which he alleges is due to the rape, but he was denied medical treatment there. He was released thereafter, but was incarcerated again in 2010 on a parole violation. (*Id.* at 2); *see* dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp for GDC ID # 279344 (last visited Feb. 9, 2017) (indicating that Plaintiff was a state prisoner from Oct. 10, 2002 to May 29, 2007, and again from Feb. 9, 2011 to the present). While at Valdosta State Prison, he sent a letter to Georgia Legal Service, but "before the letter got sent out the officer mail lady had opened it and read it." (*Id.*). He claims he still has the indigent postage form with the mail lady's signature on it, but he does not provide her name, nor does he suggest on what basis the letter could be characterized as legal mail that is protected under the First Amendment. (*Id.* at 3). In his original complaint, Plaintiff states that he mailed the letter on August 8, 2011. (-41, Doc. 1 at 1).

### III.  Discussion

Plaintiff has not alleged nearly enough to allow this case to proceed. *See Iqbal*, 556 U.S. at 678-79. Any claims based on events that occurred before December 21, 2014 — two years to the day before he composed his first complaint, *see* -41, Doc. 1 — are barred by the two-year limitations period that applies here. *See Ray*, 327 F.3d at 1182. But *all* of the events about which Plaintiff complains occurred before

4

December 21, 2014, in some instances more than ten years before. Plaintiff also has not given the name of a single Defendant, although he was specifically instructed to do so in filing his amended complaint. And, finally, not one of the four prisons mentioned in Plaintiff's amended complaint — where the events outlined in Plaintiff's two complaints allegedly occurred — is located within the jurisdiction of this Court.

Coffee Correctional Facility, where Plaintiff was allegedly raped in 2003 or 2004, is located within the Waycross Division of the United States District Court for the Southern District of Georgia; and Johnson State Prison, where Plaintiff was allegedly denied medical care at some unspecified time thereafter, is located within the jurisdiction of the Dublin Division of that court. Baldwin State Prison, where an unnamed fellow inmate allegedly wanted to have sex with Plaintiff in September 2014, is located within the jurisdiction of the Macon Division of the United States District Court for the Middle District of Georgia; and Valdosta State Prison, where Plaintiff's mail was allegedly opened on or about August 8, 2011, is located within the jurisdiction of the Valdosta Division of that court. Thus, not only are Plaintiff's claims with respect to the events at these four prisons time-barred, they are also brought in the wrong venue, and it would not serve the interest of justice to transfer this case to another district court where venue is properly laid. *See* 28 U.S.C. § 1406(a) ("The

district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## IV.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this action, 1:17-cv-41, as consolidated with 2:17-cv-28, be **DISMISSED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO ORDERED and RECOMMENDED** this 13th day of February, 2017.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge